IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| GALVESTON COUNTY, TEXAS; | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States of America, Plaintiff herein, alleges:

1.    The Attorney General of the United States hereby files this action to enforce the provisions of:

a)    Section 4(f)(4) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973b(f)(4), with respect to the conduct of elections in Galveston County; and

b)    Sections 302(a) and 302(b) of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15482(a), (b), with respect to the conduct of elections for Federal office in Galveston County.

**JURISDICTION**

2.    The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 1973j(d) and 1973j(f), and 42 U.S.C. § 15511. The events relevant to this action occurred in Galveston County, which is located in the United States District Court for the Southern District of Texas, Galveston Division.

## PARTIES

3.    Defendant GALVESTON COUNTY is a political and geographical subdivision of the State of Texas.

## ALLEGATIONS

4.    According to the 2000 Census, Galveston County had a total population of 250,158 persons, of whom 44,939 (17.96%) were Hispanic. The total voting age citizen population was 171,965, of whom 21,620 (12.57%) were Hispanic. Of Galveston County's Hispanic voting age citizen population, 4,260 were limited English proficient.

5.    Galveston County, as a political subdivision of the State of Texas, is subject to the requirements of Section 4(f)(4) with respect to the Spanish language. 42 U.S.C. § 1973b; see also 40 Fed. Reg. 43,746 (Sept. 23, 1975); 28 C.F.R. § 55.5(b). The determination that Galveston County is covered by Section 4(f)(4) for Spanish language is final and non-reviewable. 42 U.S.C. § 1973b(a)(9)(b); 28 C.F.R. § 55.4(a)(1).

6.    Because Galveston County is subject to the requirements of Section 4(f)(4), "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendant provide in English must also be furnished in Spanish to Spanish-speaking voters. 42 U.S.C. § 1973b(f)(4).

7.    Galveston County has been continuously covered under Section 4(f)(4) to provide bilingual elections in Spanish since September 23, 1975. 40 Fed. Reg. 43,746 (Sept. 23, 1975); see also 28 C.F.R. § 51, Appendix. The Department of Justice has notified Galveston County election officials regarding the bilingual election requirements of the Voting Rights Act. In

2

2004, and again in 2006, the Department of Justice and the State of Texas sent letters to Galveston County notifying the County of its obligations.

## FIRST CAUSE OF ACTION

8.    Plaintiff hereby alleges and incorporates by reference paragraphs one through seven above.

9.    Defendant has failed to provide effective election-related information and assistance in Spanish to Spanish-speaking voters, as required by Section 4(f)(4) of the Voting Rights Act, by failing to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing Spanish-speaking voters with limited English proficiency necessary and effective language assistance on election day.

10.    Defendant has also failed to provide effective election-related information and assistance in Spanish to Spanish-speaking voters, as required by Section 4(f)(4) of the Voting Rights Act, by failing to provide certain election-related information, including but not limited to information publicizing elections, in a manner that ensures Spanish-speaking voters of an opportunity to be informed about election-related activities.

11.    Defendant's failure to provide Spanish-speaking citizens of Galveston County with Spanish language election assistance and information, as described above, constitutes a violation of Section 4(f)(4).

12.    Unless enjoined by this Court, the Defendant will continue to violate Section 4(f)(4) by failing to provide the limited English proficient Spanish-speaking citizens of Galveston County with Spanish language election information and assistance necessary for their participation in the political process.

3

## SECOND CAUSE OF ACTION

13.     Plaintiff hereby alleges and incorporates by reference paragraphs one through seven above.

14.     Each state and jurisdiction must comply with Section 302 of HAVA for Federal office by January 1, 2004.  42 U.S.C. §§ 15482(a), (d).

15.     Among other things, Section 302 requires that jurisdictions conducting elections involving a Federal office must:

   a.     Provide a provisional ballot "[i]f an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote" 42 U.S.C. § 15482(a) ("Section 302(a)"); and

   b.     Post specific voting information at each polling place on the day of each election for Federal office, including:

   i)     a sample ballot;

   ii)     information regarding the date of the election and the hours during which polling places will be open;

   iii)     instructions on how to vote, including how to cast a vote and how to cast a provisional ballot;

iv)   instructions for mail-in registrants and first time voters under Section 303(b);

v)   general information on voting rights under applicable Federal and State laws, including information on the right of an individual to cast a provisional ballot and instructions on how to contact the appropriate officials if these rights are alleged to have been violated; and

vi)   general information on Federal and State laws regarding prohibitions on acts of fraud and misrepresentation.

42 U.S.C. § 15482(b) ("Section 302(b)").

16.   During the November 7, 2006, general election, the Defendant failed to provide polling places with the necessary provisional ballot paperwork or to train poll workers in the proper use of such ballots, which resulted in situations where provisional ballots could not or would not be made available to otherwise qualified voters, in violation of Section 302(a) of HAVA.

17.   During the November 7, 2006, general election, the Defendant failed to cause voting information required by Section 302(b) of HAVA to be posted in polling places.

18.   Unless enjoined by this Court, the Defendant will continue to violate Sections 302(a) and 302(b) of HAVA by failing to provide provisional ballots to qualified voters and failing to ensure that required voting information is posted in all polling places during Federal elections.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States of America prays that this Court enter an order:

(1) Declaring that Defendant has failed to provide in an effective manner Spanish language election information and assistance necessary for the political participation of limited English proficient Spanish-speaking voters, in violation of Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

(2) Declaring that Defendant is not in compliance with Sections 302(a) and 302(b) of HAVA, 42 U.S.C. §§ 15482(a), (b), with respect to providing eligible voters with provisional ballots and posting required voting information in elections for Federal office;

(3) Enjoining Defendant, its agents, and successors in office, and all persons acting in concert with it, from failing to provide in an effective manner Spanish language election information and assistance to voters with limited English proficiency as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973(b)(4);

(4) Enjoining Defendant, its employees, agents, and successors in office, and all persons acting in concert with it, from failing or refusing to comply promptly with the requirements of Sections 302(a) and 302(b) of HAVA;

(5) Requiring Defendant, its agents, and successors in office and all persons acting in concert with it, to develop and implement a remedial plan to ensure that Spanish-speaking voters with limited English proficiency are able to understand, learn of,

and participate in all phases of the electoral process as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4); and

(6) Requiring Defendant, its agents, and successors in office and all persons acting in concert with it, to develop promptly a plan to remedy the demonstrated violations of Sections 302(a) and 302(b) of HAVA, fully and completely before the next election for Federal office in 2008.

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Date: _16th_ day of _July_, 2007.

ALBERTO GONZALES
Attorney General

WAN J. KIM
Assistant Attorney General
Civil Rights Division

DONALD J. DeGABRIELLE, JR.
United States Attorney
DANIEL DAVID HU
Assistant United States Attorney
Texas Bar No. 10131415

JOHN TANNER
Chief, Voting Section

SUSANA LORENZO-GIGUERE
Special Litigation Counsel
DONALD L. PALMER
JAMES N. BOEVING
SEAN W. O'DONNELL
State Bar No. 24038639
Trial Attorneys
United States Department of Justice
Civil Rights Division
Voting Section
950 Pennsylvania Avenue NW, Room NWB-7254
Washington, D.C. 20530
Telephone: (202) 305-0827
Facsimile: (202) 307-3961
susana.lorenzo-guigere@usdoj.gov
sean.odonnell@usdoj.gov
Attorneys for the United States of America